UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

JERRY KIBLER, JR.,

    Petitioner,

v.

J.C. ZUERCHER,

    Respondent.

Civil Action No. 7:09-83-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Jerry Kibler, Jr. is incarcerated at the United States Penitentiary-Big Sandy in Inez, Kentucky. Kibler has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] and the Court has granted his motion to proceed *in forma pauperis* by separate Order.

The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

In his Petition, Kibler alleges that in 2007 he pled guilty to second degree attempted burglary in the District of Columbia Superior Court and was sentenced to a 24-month term of incarceration

and a 3-year term of supervised release. Kibler further alleges that although his prison sentence was satisfied on March 28, 2009, the warden has refused to release him. Kibler notes that the Parole Commission lodged a detainer with the Bureau of Prisons ("BOP"), but has not taken action on the detainer as of the date he filed his petition. Finally, Kibler states that because his federal sentence has been served, he is not in the BOP's "custody," and therefore the prison's administrative remedy process is not "available" to him to exhaust.

Federal courts require prisoners wishing to file a habeas corpus petition under 28 U.S.C. § 2241 to exhaust their administrative remedies before doing so. *Colton v. Ashcroft*, 299 F. Supp. 2d 681, 689 (E.D. Ky. 2004); *Wesley v. Lamanna*, 27 Fed.Appx. 438, 2001 WL 1450759 (6th Cir. 2001). Kibler asserts that, because his federal sentence has expired, he is no longer in federal "custody," and hence the BOP's administrative remedy process is not "available" for him to exhaust. Kibler has not submitted any documentation to support his assertion that the BOP would refuse any effort to utilize its grievance procedure, such as a Form BP-229 he submitted to the warden but which was rejected. Further, BOP Program Statement 1330.16 § 1.b (2007) states that the Administrative Remedy Program "applies to all inmates in institutions operated by the Bureau of Prisons." Apart from whether Kibler is considered within the legal custody of the BOP, the parole commission, or some other entity, the language quoted above indicates that the BOP's Administrative Remedy Program is available to all inmates in the BOP's physical custody. Upon an appropriate showing, supported by evidence, that the BOP will not entertain an administrative challenge to its continued custody of an inmate confined in a federal facility, the Court may revisit this issue, but there is no basis to do so here. Because Kibler has not exhausted his administrative remedies or established just cause for his failure to do so, the Court will deny the petition at this juncture.

Accordingly, **IT IS ORDERED** that:

1. Jerry Kibler, Jr.'s petition for a writ of habeas corpus [R. 2] is **DENIED.**

2. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

Dated this 15th day of July, 2009.

**Signed By:**
*Karen K. Caldwell*
**United States District Judge**